IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-273-BO

| | |
|---|---|
| SANDRA FLYTHE, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    **O R D E R** |
| | ) |
| CAROLYN W. COLVIN, *Acting* | ) |
| *Commissioner of Social Security*, | ) |
|     Defendant. | ) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. A hearing was held on the motions before the undersigned on May 6, 2014, at Elizabeth City, North Carolina. For the reasons discussed below, the decision of the Acting Commissioner is affirmed.

## BACKGROUND

On August 25, 2009, plaintiff filed an application for disability insurance benefits pursuant to Title II of the Social Security Act. On August 19, 2009, plaintiff filed an application for supplemental security income pursuant to Title XVI of the Social Security Act. In both applications, plaintiff alleged an onset date of December 2, 2008. After her claim was denied initially and upon review, an Administrative Law Judge (ALJ) conducted a hearing and considered plaintiff's claim de novo. The ALJ found that plaintiff had not been under a disability and was not entitled to benefits under either Title II or Title XVI. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation marks omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

2

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ found that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her alleged onset date, and at step two found that plaintiff had the following severe impairments: obesity, bilateral carpal tunnel syndrome, asthma, allergies, cervical disc disease, lumbar disc disease, hypertension, and history of non-sustained ventricular tachycardia. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a Listing. The ALJ found that plaintiff had an RFC to perform light work with several exertional and non-exertional limitations. At step four the ALJ found that plaintiff could not perform her past relevant work, but found at step five that, considering plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that plaintiff could perform.

Plaintiff contends that the ALJ erred by improperly evaluating her credibility and by not considering the impact of her obesity on her ability to work. *See* SSR 96-7p; 02-01p. Upon review of the medical evidence of record and the decision of the ALJ, the Court finds that substantial evidence supports the ALJ's decision as a whole, that he employed the correct legal standard, and that his decision should therefore be affirmed.

The ALJ's decision makes clear, as plaintiff notes, that he considered plaintiff's persistent efforts to obtain relief from her symptoms. Social Security Ruling 96-7p does not require that the ALJ make an explicit finding as to the evidence of a claimant's attempts or lack thereof to obtain relief when conducting a credibility analysis, but rather states that such evidence is one factor the ALJ may consider in making a credibility determination. In making his credibility finding, the ALJ relied on the longitudinal medical record, the results of a functional capacity evaluation, plaintiff's subjective complaints of pain, the results of objective testing, and the lack of opinion evidence in the record regarding plaintiff's ability to perform all work activities. The ALJ's decision to find plaintiff's subjective allegations of pain and limitations only partially credible is supported by substantial evidence, and the Court finds no basis upon which to disturb the ALJ's credibility finding here. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) ("ALJ's observations concerning [credibility] are to be given great weight.").

The ALJ further considered the effects of plaintiff's obesity on her impairments as required by SSR 02-01p. Obesity should be considered by an ALJ when making determinations at steps two, three, and four of the sequential analysis. *Gross v. Astrue*, Civ. Action No. JKB-09-1456, 2010 WL 1328462 *5 (D. Md. Mar. 26, 2010); SSR 02-01p. Here, the ALJ found plaintiff's obesity to be a severe impairment at step two, specifically found that it did not meet a

Listing as step three, and considered it when determining plaintiff's RFC at step four. Tr. 25, 26, 31. Plaintiff does not point to any functional limitations or limiting effects caused by her obesity, and thus the Court finds that any failure of the ALJ to address the effect of plaintiff's obesity with more specificity was harmless. As further noted by the Acting Commissioner, while plaintiff's neurosurgeon found that plaintiff's body habitus would impact his ability to perform surgery on plaintiff's neck, Tr. 463, plaintiff herself stated that she did not want to undergo surgery and would prefer to live with her symptoms at that time. *Id.* Thus, remand for the ALJ to explicitly consider whether the inability to undergo surgical treatment on her neck due to obesity would translate into work-related limitations is unnecessary.

## CONCLUSION

For the foregoing reasons, plaintiff's motion [DE 21] is DENIED, defendant's motion [DE 24] is GRANTED, and the decision of the Acting Commissioner is AFFIRMED.

SO ORDERED. This 28 day of May, 2014.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE